******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

McDONALD, J., concurring. I agree with the majority that the implied waiver rule set forth in *State* v. *Kitchens*, 299 Conn. 447, 482–83, 10 A.3d 942 (2011), should not extend to the facts of the present case, where the trial court failed to provide the defendant, Raquann Tyrone Davis, with a written copy of the jury charge and simply stated that the charge would be "in essence" the one provided on the Judicial Branch website. Nonetheless, I write separately to acknowledge the concerns that Justice Palmer has renewed regarding the underpinnings of the per se, irrefutable presumption set forth in *Kitchens* and the question of whether an implied waiver would arise even if defense counsel expressly disavowed any knowledge of legitimate claims that counsel could advance. I also note that recent decisions questioning whether the implied waiver rule in *Kitchens* applies to claims of plain error; see *State* v. *Sanchez*, 308 Conn. 64, 74–75 n.5, 60 A.3d 271 (2013); *State* v. *Webster*, 308 Conn. 43, 64, 60 A.3d 259 (2013) (*Rogers*, *C. J.*, concurring); *State* v. *Darryl W.*, 303 Conn. 353, 371–72 n.17, 33 A.3d 239 (2012); lend some support to Justice Palmer's contention that the rule in *Kitchens* is, in effect, a rule of forfeiture, not waiver.[1] Irrespective of the merits of such concerns, I note that the defendant has not asked us to consider modifying or overruling *Kitchens* in the present case. Not having previously weighed in on the merits of the question presented in *Kitchens*, I believe I am obliged to apply that precedent. Therefore, I reserve judgment on whether, faced with such a request, we should reconsider that precedent.

I respectfully concur.

[1] Relying on federal case law, which deems claims forfeited under certain circumstances, the Appellate Court has noted: "[The] Plain Error Rule may only be invoked in instances of forfeited-but-reversible error, *United States* v. *Olano*, 507 U.S. 725, 731–33, [113 S. Ct. 1770], 123 L. Ed. 2d 508 (1993), and cannot be used for the purpose of revoking an otherwise valid waiver. This is so because if there has been a valid waiver, there is no error for us to correct. See [id., 732–33]. . . . The distinction between a forfeiture of a right (to which the Plain Error Rule may be applied) and a waiver of that right (to which the Plain Error Rule cannot be applied) is that [w]hereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right. [Id., 733] . . . . *United States* v. *Lakich*, 23 F.3d 1203, 1207 (7th Cir. 1994)." (Internal quotation marks omitted.) *State* v. *Wilson*, 52 Conn. App. 802, 809–10, 729 A.2d 778 (1999).